# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| ANTHONY SALVATO, On Behalf of Himself and All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:06-CV-1124 (SAF) |
| v. | ) ) | (Consolidated with 3:06-CV-1972) |
| ZALE CORPORATION, RICHARD C. MARCUS, MARY L. FORTÉ, J. GLEN ADAMS, MARY E. BURTON, SUE E. GOVE, JOHN B. LOWE, JR., THOMAS C. SHULL, DAVID M. SZYMANKSI, MARK R. LENZ, GREGORY HUMENESKY, ERV POLZE, STEVE MASSANELLI, STEVE STRONG, HILARY MOLAY, and PAUL LOGAN, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

---

## CLASS ACTION SETTLEMENT AGREEMENT

---

This CLASS ACTION SETTLEMENT AGREEMENT ("*Settlement Agreement*") is entered into by and between *Named Plaintiffs*, for themselves and on behalf of the *Settlement Class*, on the one hand, and *Defendants*, on the other.

## RECITALS

WHEREAS, *Named Plaintiffs,* Anthony Salvato, commenced Case No. 3:06-CV-1124 (SAF) on June 26, 2006 (N.D. Tex., Dallas Division) and Richard A. Connell, commenced Case No. 06-CV-5995 (RJH) on August 7, 2006 (S.D.N.Y.), both asserting various claims for relief under the Employee Retirement Income Security Act of 1974, as amended, against certain *Defendants and Dismissed Defendants,* and the cases are now consolidated in the above-captioned *Action*;

WHEREAS, *Named Plaintiffs* filed an amended and consolidated complaint (the "Complaint") (N.D. Tex., Dallas Division) on March 5, 2007;

WHEREAS, *Defendants* moved to dismiss the *Complaint* on May 4, 2007, which motion is pending;

WHEREAS, the *Parties* desire to promptly and fully resolve and settle with finality all of the *Released Claims* against *Defendants* and *Dismissed Defendants* asserted by *Named Plaintiffs* for themselves and on behalf of the *Settlement Class*;

WHEREAS, *Underwriter* has agreed to provide the funds for this *Settlement* under the *Insurance Policy*;

NOW, THEREFORE, the *Parties*, in consideration of the promises, covenants and agreements herein described, and for other good and valuable consideration, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree as follows:

1.   <u>DEFINITIONS</u>

As used in this *Settlement Agreement*, italicized and capitalized terms and phrases not otherwise defined have the meanings provided below:

1.1.   "*Action*" shall mean: *Salvato v. Zale Corporation et al.*, Case No. 3:06-CV-1124 (SAF), consolidated with Case No. 3:06-CV-1972, pending in the United States District Court for the Northern District of Texas, Dallas Division, and any and all cases now or hereafter consolidated therewith. The "*Action*" specifically excludes the *Securities Action* (defined below).

1.2.   "*Affiliate*" shall mean: any entity which owns or controls, is owned or controlled by, or is under common ownership or control with, a *Person*. For purposes of this definition, "control" shall mean the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of such *Person*, whether through the ownership of voting securities or otherwise.

1.3.   "*Agreement Execution Date*" shall mean: the date on which this *Settlement Agreement* is fully executed, as provided in Section 11.14 below.

1.4.   "*Claims*" shall have the meaning set forth in Section 3.2.

1.5.   "*Class Exemption*" shall mean:  Prohibited Transaction Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632.

1.6.   "*Class Notice*" shall mean: the form of notice appended as Exhibit A to the form of *Preliminary Approval Order* attached hereto as Exhibit 2.4.1.

1.7.   "*Class Notice Expenses*" shall mean: the cost to publish and distribute, by United States mail, the *Class Notice and Summary Notice.*

1.8.   "*Class Period*" shall mean: the period from February 18, 2005 through the *Agreement Execution Date.*

1.9.   "*Committee*" shall have the meaning set forth in Section 7.4.5.

1.10.   *"Common Stock Fund"* shall have the meaning set forth in Section 7.4.1.

1.11.   *"Common Stock Fund Elimination Date"* shall have the meaning set forth in Section 7.4.2.

1.12.   *"Company"* shall mean:  Zale Corporation, a Delaware corporation, each of its *Affiliate*s, and each of its predecessors and *Successors-In-Interest*.

1.13.   *"Complaint"* shall mean: the Amended and Consolidated Class Action Complaint for Violations of Employee Retirement Income Security Act (ERISA), filed March 5, 2007 in the above-captioned *Action*.

1.14.   *"Court"* shall mean: the United States District Court for the Northern District of Texas, Dallas Division.

1.15.   *"Defendants"* shall mean: the *Company* and the following *Person*s named as defendants in the *Complaint*:  Richard C. Marcus, Mary L. Forté, J. Glen Adams, Mary E. Burton, Sue E. Gove, John B. Lowe, Jr., Thomas C. Shull, David M. Szymanski, Mark R. Lenz, Gregory Humenesky, Erv Polze, Stephen C. Massanelli, Steven Strong, Hilary Molay, and Cynthia T. Gordon.

1.16.   *"Dismissed Defendants"* shall mean the following *Person*s: the Zale Plan Committee, which was named as a defendant in the original complaints filed in Case No. 3:06-CV-1124 (SAF) on June 26, 2006 (N.D. Tex., Dallas Division) and in Case No. 06-CV-5995 (RJH) on August 7, 2006 (S.D.N.Y.), but was not named as a defendant in the *Complaint*, and Paul Logan, who was dismissed from the *Complaint* by order of the *Court* dated May 4, 2007.

1.17.   *"Effective Date of Settlement"* shall mean: the date, as established pursuant to Section 8.1, on which all of the conditions to settlement set forth in Article 2 of this *Settlement Agreement* have been fully satisfied or waived and the *Settlement* shall have become *Final* and *Unconditional*.

1.18.   *"ERISA"* shall mean: the Employee Retirement Income Security Act of 1974, as amended, including all regulations promulgated and case law thereunder.

1.19.   *"Fairness Hearing"* shall have the meaning set forth in Section 2.4.4.

1.20.   *"Final"* shall mean: with respect to any judicial ruling or order, that the period for any appeals, petitions, motions for reconsideration, rehearing or certiorari or any other proceedings for review ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that there has occurred a full and final disposition of any such Review Proceeding without a reversal or modification, including the exhaustion of proceedings in any remand and/or subsequent appeal after remand. Notwithstanding any other provision hereof, the *Final Order* shall be deemed *Final* without regard to whether (i) the *Court* has entered an order of an award of either legal fees and expenses; (ii) any order referred to in (i) above, if entered, has become *Final*; or (iii) any order referred to in (i) is reversed or modified on appeal.

1.21.   *"Final Order"* shall have the meaning set forth in Section 2.4.4.

1.22.   *"Immediate Family"* shall mean: spouses, parents, grandparents, children and grandchildren.

1.23.   *"Independent Fiduciary"* shall mean: a *Plan* fiduciary selected and retained at the *Company*'s sole expense that has no "relationship to" or "interest in" (as those terms are used in the *Class Exemption*) any of the *Parties*.

1.24.   *"Insurance Policy"* shall mean: Federal Insurance Company Policy No. 8152-9957.

1.25.   " *Named Plaintiffs*" shall mean: Anthony Salvato and Richard A. Connell.

1.26.   *"Net Settlement Expense Fund"* shall mean: the *Settlement Expense Fund* minus the *Class Notice Expenses*.

1.27.   *"Parties"* shall mean: *Named Plaintiffs* and *Defendants*.

1.28.   *"Person"* shall mean: an individual, partnership, corporation, governmental entity or any other form of entity or organization.

1.29.   *"Plaintiff Releasees"* shall have the meaning set forth in Section 3.3.

1.30.   *"Plaintiffs"* shall mean: *Named Plaintiffs* and each member of the *Settlement Class*.

1.31.   *"Plaintiffs' Lead Counsel"* shall mean:  Harwood Feffer LLP and Gainey & McKenna.

1.32.   *"Plaintiffs' Local Counsel"* shall mean: Claxton & Hill, PLLC.

1.33.   *"Plan"* shall mean: the Zale Corporation Savings and Investment Plan, and all predecessor and successor plans, individually and collectively, and any trust created under such *Plan*.

1.34.   *Plan Changes* shall mean: changes to *Plan* design and to information provided to *Plan* participants and beneficiaries as set forth in Section 7.4.

1.35.   *"Preliminary Approval Order"* shall have the meaning set forth in Section 2.4.1.

1.36.   *"Preliminary Motion"* shall have the meaning set forth in Section 2.4.1.

1.37.   *"Released Claims"* shall have the meaning set forth in Section 3.2.

1.38.   *"Releasees"* shall mean: *Defendants, Dismissed Defendants,* any person or entity which served or serves as a named or functional fiduciary of the *Plan,* the *Representatives* of any *Defendant* or such person or entity, and *Underwriter*.

1.39.   *"Releases"* shall mean: the releases set forth in Sections 3.1, 3.3 and 3.4.

1.40.    *"Representatives"* shall mean: attorneys, agents, directors, officers, or employees.

1.41.    *"Securities Action"* shall mean: *In re Zale Corporation Securities Litigation,* No. 3:06-CV-01470-K, filed in the United States District Court for the Northern District of Texas, Dallas Division, and any and all cases now or hereafter consolidated therewith. *"Securities Action"* specifically excludes the *Action.*

1.42.    *"Settlement"* shall mean: the settlement to be consummated under this *Settlement Agreement* pursuant to the *Final Order.*

1.43.    *"Settlement Agreement"* shall mean: this Class Action Settlement Agreement.

1.44.    *"Settlement Class"* shall mean: (a) all *Persons* who have been participants in the *Plan* at any time between February 18, 2005 to the *Agreement Execution Date,* inclusive; and (b) as to each *Person* within the scope of subsection (a) of this Section 1.44, his, her or its beneficiaries, alternate payees, *Representatives* and *Successors-In-Interest;* provided, however, that, notwithstanding the foregoing, the "*Settlement Class*" shall not include any of the Individual Defendants (defined to include all *Defendants* and *Dismissed Defendants* other than Zale Corporation and the Zale Plan Committee), or any of Individual Defendants' *Immediate Family,* beneficiaries, alternate payees, *Representatives* or *Successors-in-Interest,* except for *Immediate Family,* beneficiaries, alternate payees, *Representatives* or *Successors-in-Interest* who themselves are members of the *Settlement Class* with respect to their own *Plan* accounts.

1.45.    *"Settlement Expense Fund"* shall mean $900,000 (Nine-Hundred-Thousand Dollars) as designated to cover attorneys' fees of *Plaintiffs' Lead Counsel, Plaintiffs' Local Counsel,* litigation costs and expenses (including the costs of *Class Notice* and settlement administration), and any award to *Named Plaintiffs,* as submitted by *Named Plaintiffs* in a separate application to be made to the *Court.*

1.46.    *"Successor-In-Interest"* shall mean: a *Person's* estate, legal representatives, heirs, successors or assigns, including successors or assigns that result from corporate mergers or other structural changes.

1.47.    *"Summary Notice"* shall mean the form of notice appended as Exhibit B to form Order Preliminarily Approving Settlement attached hereto as Exhibit 2.4.1.

1.48.    *"Unconditional"* shall have the meaning set forth in Article 2.

1.49.    *"Underwriter"* shall mean: Federal Insurance Company, issuing Policy No. 8152-9957, the fiduciary and employee benefit liability insurance policy identified in Section 1.24.

2.    CONDITIONS TO THE EFFECTIVENESS OF THE *SETTLEMENT*

This *Settlement* shall be *Unconditional* when each of the following conditions in Sections 2.1 through 2.6 have been satisfied or waived:

2.1.    Condition #1:  Class Certification for Purposes of *Settlement*.  The *Court* shall have certified this *Action* as a class action for settlement purposes pursuant to Rule 23(a) (1)-(4), 23(b) (l) and/or (2), and 23(e) of the Federal Rules of Civil Procedure, with *Named Plaintiffs* as the named Class Representatives, with *Plaintiffs' Lead Counsel* as counsel for *Named Plaintiffs* and the *Settlement Class* as a non-opt-out class.  The *Parties* have agreed to stipulate to a certification of the *Action* as a class action solely for settlement purposes on the terms set forth in this *Settlement Agreement*.  The *Parties* have further agreed that if the *Settlement* does not become *Unconditional*, then no *Settlement Class* will be deemed to have been certified by, or as a result of, this *Settlement Agreement,* and the *Action* and the claims asserted by *Plaintiffs* and the *Settlement Class* will for all purposes revert to their status as of the day immediately before the *Agreement Execution Date.*  In such event, *Defendants* will not be deemed to have consented to the certification of any class, the agreements and stipulations in this *Settlement Agreement* concerning class definition or class certification shall not be used as evidence or argument to support class certification or class definition, and *Defendants* will retain all rights to oppose class certification, including certification of a class identical to that provided for in this *Settlement Agreement*, for any other purpose.

2.2.    Condition #2:  Release by the *Independent Fiduciary* and *Plan*.

2.2.1.  *Defendants* shall retain an *Independent Fiduciary* within ten (10) days of the *Agreement Execution Date*.

2.2.2.  *Defendants* and *Plaintiffs' Lead Counsel* on behalf of *Named Plaintiffs* will comply with reasonable requests for information made by the *Independent Fiduciary* for the purpose of reviewing this *Settlement Agreement*.  Any disputes shall be referred to the *Court* for decision.

2.2.3.  At least five (5) days before the *Fairness Hearing* is held, the *Plan*, acting by and through the *Independent Fiduciary* engaged for the specific purpose of reviewing this *Settlement Agreement*, and the *Independent Fiduciary,* in its capacity as a fiduciary of the *Plan,* shall have agreed in writing, in consideration of the terms herein, to grant, effective upon the entry of the *Final Order* by the *Court*, releases of the *Releasees*, which such releases (i) shall release the same claims as the *Releases* set forth in Article 3 below; and (ii) shall be determined by the *Independent Fiduciary* to meet the requirements of the *Class Exemption*.

2.2.4.  If the *Independent Fiduciary* fails to timely grant the releases prescribed in Section 2.2.3 above, the *Settlement* shall terminate and become null and void, and the provisions of Section 9.2 shall apply.

2.3.    Condition #3:  Resolution of Issues with the Department of Labor.  If the United States Department of Labor has any concern with respect to any *Defendant* regarding the subject matter of the *Released Claims,* and such concern has not been resolved on terms acceptable to all *Defendants* and *Underwriter* in their sole and absolute discretion, any *Defendant* shall have the right to terminate this *Settlement Agreement* by written notice given pursuant to Section 11.10 at any time up until the fifteenth (15th) day before the *Fairness Hearing.*  If any *Defendant* timely gives such notice, the *Settlement Agreement* shall become null and void as to all *Parties* on the tenth (10th) day after delivery of any such notice unless, prior to the *Fairness Hearing*, any *Defendant* who delivered such notice waives this provision by written notice given

pursuant to Section 11.10. If the *Settlement Agreement* is terminated pursuant to this Section 2.3, and if the *Court* determines that supplemental notice be given to persons defined herein as members of the *Settlement Class*, the cost of such supplemental notice shall be paid by *Underwriter.*

    2.4.   Condition #4: Court Approval. The *Settlement* shall have been approved by the *Court* in accordance with the following steps.

    2.4.1.  Motion for Preliminary Approval of Settlement and of Notice. As soon as reasonably possible following the *Agreement Execution Date*, *Named Plaintiffs* will file a motion ("*Preliminary Motion*") with the *Court* for an order, which order must be approved in advance by *Defendants*, substantially in the form annexed hereto as Exhibit 2.4.1, including the exhibits thereto (the "*Preliminary Approval Order*").

    2.4.2.  Issuance of Class Notice. As ordered by the *Court* in its *Preliminary Approval Order*, *Named Plaintiffs* shall cause the *Class Notice* and *Summary Notice* to be disseminated to the *Settlement Class*, with costs of dissemination reimbursed by *Underwriter* pursuant to Section 7.1.

    2.4.3.  Request by *Court* or *Named Plaintiffs* for Information. If the *Court* deems it necessary for *Defendants* to supply information in their possession as part of the *Court's* review of the *Settlement Agreement*, *Defendants* agree to reasonably expedite provision of such information as directed by the *Court*. If *Named Plaintiffs* deem it necessary for *Defendants* to supply information in their possession in order to respond to any timely filed objection, *Defendants* agree to reasonably expedite provision of such information, which *Named Plaintiffs* shall treat as confidential, to be used only for purposes of obtaining approval of the *Settlement Agreement*, and to be returned promptly to *Defendants* upon final approval or disapproval of the *Settlement Agreement*. Any disputes regarding requests for information by *Named Plaintiffs* shall be referred to the *Court* for decision.

    2.4.4.  The Fairness Hearing. The *Court* will conduct a hearing, to be scheduled no sooner than 100 days after the date the Settlement is filed, at which it will consider whether the *Settlement* is fair, reasonable, and adequate ("*Fairness Hearing*"). On or after the *Fairness Hearing* the *Court* will determine: (i) whether to enter judgment finally approving the *Settlement* and dismissing the *Action* (which judgment is referred to herein as the "*Final Order*") and (ii) what legal fees, expenses, and awards should be awarded to *Plaintiffs' Lead Counsel* and to *Named Plaintiffs* as contemplated by Article 10 of this *Settlement Agreement*. The *Parties* agree to support entry of the *Final Order* as contemplated by clause (i) of this Section 2.4.4; however, *Defendants* agree not to take any position, and are not required to take any position, with respect to the matters described in clause (ii) of this Section 2.4.4 (provided that nothing contained herein shall prohibit the *Independent Fiduciary* from taking a position with respect to such matters), nor will any of *Defendants* enter into any agreement that restricts the application or disposition of the *Settlement Expense Fund*. The *Parties* covenant and agree that they will reasonably cooperate with one another in obtaining the *Final Order* as contemplated hereby at the *Fairness Hearing* and will not do anything inconsistent with obtaining the *Final Order*, the form of which is annexed hereto as Exhibit 2.4.4.

2.5.     Condition #5:  Finality of *Final Order*.  The *Final Order* shall be deemed to be *Final* for purposes of this *Settlement Agreement* by becoming *Final* in accordance with Section 1.20 above.

2.6.     Condition #6:  Dismissal of Claims.  The *Action* and all *Claims* asserted therein shall have been dismissed with prejudice as against *Defendants* and *Dismissed Defendants*.

3.     RELEASES

3.1.     Releases of the *Releasees*.  Effective upon the entry of the *Final Order* by the *Court*, without any action necessary on the part of any of the *Parties, Named Plaintiffs* on behalf of themselves, and on behalf of the *Settlement Class*, absolutely and unconditionally release and forever discharge the *Releasees* from *Released Claims* that *Named Plaintiffs* or the *Settlement Class* or any member thereof directly, indirectly, derivatively, or in any other capacity ever had, now have or hereafter may have.

3.2.     Released Claims.  Subject to Section 3.6 below, the *Released Claims* shall be: any and all claims of any nature whatsoever (including claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement of fees, litigation costs, injunction, declaration, contribution, indemnification or any other type or nature of legal or equitable relief), whether accrued or not, whether already acquired or acquired in the future, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, in law or equity, as well as any claim or right obtained by assignment, brought by way of demand, complaint, cross-claim, counterclaim, third-party claim or otherwise (collectively, "*Claims*"), arising out of or in any way related to, directly or indirectly, any or all of the acts, omissions, facts, matters, transactions or occurrences: (i) that are or were alleged, asserted, or set forth in the *Action*, including (a) the acquisition and holding of *Company* securities in the *Plan*, (b) the preparation or dissemination of information relating to the *Company*, *Company* stock, and *Plan* investment options to *Plan* participants and beneficiaries, (c) *Defendants'* monitoring of the *Plan* and provision of information to *Plan* fiduciaries; (d) *Defendants'* duty of loyalty to the *Plan*; (e) *Defendants'* alleged role in transactions between the *Plan* and an alleged party-in-interest; (ii) that would be barred by principles of *res judicata* had the claims asserted in the *Action* been fully litigated and resulted in a final judgment or order; or (iii) Any *Claim* arising out of, or in any way related to, directly or indirectly, actions required pursuant to Section 7.4 of this *Settlement Agreement*.

3.3.     Releases of *Named Plaintiffs*, the *Settlement Class* and *Plaintiffs' Lead Counsel*.  Effective upon the entry of the *Final Order* by the *Court*, without any action necessary on the part of any of the *Parties, Defendants* absolutely and unconditionally release and forever discharge *Named Plaintiffs*, the *Settlement Class*, and *Plaintiffs' Lead Counsel* (collectively, "*Plaintiff Releasees*") from any and all *Claims* relating to the institution or prosecution of the *Action* or the settlement of any *Released Claim*.

3.4.     Reciprocal Releases among *Defendants* and *Dismissed Defendants*.  Each *Defendant* absolutely and unconditionally releases and forever discharges each and every other *Person* who is a *Defendant* or a *Dismissed Defendant* from any and all *Claims* relating to the *Released Claims*, including any and all *Claims* for contribution or indemnification for such *Claims*; provided, however, that such reciprocal releases are valid with respect to a *Dismissed Defendant* only if the *Dismissed Defendant* agrees to reciprocally release on the same terms

- 8 -

*Defendants* and all other *Dismissed Defendants* from all *Claims* set forth in this Paragraph 3.4. The foregoing notwithstanding, nothing in this *Settlement Agreement* shall be construed as a release or waiver by any *Defendant* or *Dismissed Defendant* of any claim, right or defense against another *Defendant* or *Dismissed Defendant* that is unrelated to the *Action* or defense of this action.

    3.5.    Scope of Releases.

        3.5.1.  The releases set forth in Sections 3.1, 3.3, and 3.4 (the "*Releases*") are not intended to include the release of any rights or duties arising out of this *Settlement Agreement*, including the express warranties and covenants in this *Settlement Agreement*.

        3.5.2.  The *Parties* intend and agree that the *Releases* granted in this Article 3 shall be effective as a bar to any and all currently unsuspected, unknown, or partially known claims within the scope of their express terms and provisions. Accordingly, effective upon entry of the *Final Order* by the *Court*, *Named Plaintiffs* hereby expressly waive, on their own behalves and on behalf of all members of the *Settlement Class*, and *Defendants* for themselves hereby expressly waive, any and all rights and benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common laws of any other State, Territory, or other jurisdiction. Section 1542 reads in pertinent part:

> "A general release does not extend to claims that the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

*Named Plaintiffs,* on their own behalves and on behalf of all members of the *Settlement Class,* and *Defendants* each hereby acknowledge that the foregoing waiver of the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other State, Territory, or other jurisdiction was separately bargained for and that neither *Named Plaintiffs*, on the one hand, nor *Defendants*, on the other, would enter into this *Settlement Agreement* unless it included a broad release of unknown claims. Effective upon entry of the *Final Order* by the *Court*, *Named Plaintiffs*, on their own behalves and on behalf of all members of the *Settlement Class,* and *Defendants* each expressly agree that all release provisions in this *Settlement Agreement* shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, and future claims, demands, and causes of action. Effective upon entry of the *Final Order* by the *Court*, *Named Plaintiffs* assume, for themselves and on behalf of the *Settlement Class*, and *Defendants* assume the risk of any subsequent discovery of any matter, fact, or law, that, if now known or understood, would in any respect have affected any such *Person's* entering into this *Settlement Agreement*.

    3.6.    *Persons and Claims* Not Released.  Nothing in this *Settlement Agreement* shall release, bar, waive, or otherwise affect any *Claim* that has been or could be asserted under the state or federal securities laws by any member of the *Settlement Class* or the *Plan* directly or derivatively; provided, however, that the *Parties* agree that the question of the extent, if any, to which the *Settlement Expense Fund* may constitute a reduction in the gross amount of any claim

- 9 -

asserted by or on behalf of any *Person* in the *Securities Action*, is to be determined in the *Securities Action*, and *Defendants, Dismissed Defendants*, *the Plan* and *Named Plaintiffs,* on their own behalves and on behalf of the *Settlement Class*, reserve all rights with respect to positions they may take on that question in the *Securities Action.* Notwithstanding the foregoing, the *Parties* agree that *Plaintiffs' Lead Counsel* and *Named Plaintiffs* shall not be required to take a position or otherwise to participate in the *Securities Action.*

4.    COVENANTS

The *Parties* covenant and agree as follows:

4.1.    Covenants Not to Sue.

4.1.1.    *Named Plaintiffs* covenant and agree on their own behalves, and on behalf of the *Settlement Class*: (i) not to file against any *Releasee* any additional *Claim* based on or arising from any *Released Claim*, or refile any *Claim* brought in this *Action*; and (ii) that the foregoing covenants and agreements shall be a complete defense to any such *Claims* against any of the respective *Releasees*.

4.1.2.    *Defendants* covenant and agree (i) not to file against any *Plaintiff Releasee* or any other *Defendant* or *Dismissed Defendant* any claim released under Section 3.3 or Section 3.4; and (ii) that the foregoing covenants and agreements shall be a complete defense to any such claims against any of the respective *Plaintiff Releasees* or *Defendants*.

4.2.    Cooperation. The *Company* shall reasonably cooperate with *Plaintiffs' Lead Counsel* by providing within three (3) business days of entry of the *Preliminary Approval Order* the names and last known addresses of members of the *Settlement Class* to whom the *Class Notice* is to be sent pursuant to the *Preliminary Approval Order***.**

5.    REPRESENTATIONS AND WARRANTIES

5.1.    *Plaintiffs'* Representations and Warranties.

5.1.1.    *Named Plaintiffs* represent and warrant that they have not assigned or otherwise transferred any interest in any *Released Claim* against any *Releasee*, and further covenant that they will not assign or otherwise transfer any interest in any *Released Claim*; and

5.1.2.    Pursuant to Articles 3 and 4, *Named Plaintiffs* represent and warrant that they shall have no surviving claim or cause of action against any of the *Releasees* with respect to the *Released Claims* against them.

5.1.3.    *Defendants* represent and warrant that they have not assigned or otherwise transferred any interest in any of the claims released in Section 3.3, and further convenant they they will not assign or otherwise transfer any interest in such claims.

5.2.    *Parties'* Representations and Warranties. The *Parties*, and each of them, represent and warrant:

5.2.1. That they have engaged in investigation of *Named Plaintiffs'* claims and those of the *Settlement Class*, have conducted informal discovery and conducted analyses of potential outcomes of the claims in this *Action*; that they are voluntarily entering into this *Settlement Agreement* as a result of arm's length negotiations among their counsel; that in executing this *Settlement Agreement* they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing this *Settlement Agreement* by any representations, statements or omissions pertaining to any of the foregoing matters by any party or by any *Person* representing any party to this *Settlement Agreement*, and that each of the *Parties* assumes the risk of mistake as to facts or law; and

5.2.2. That they have carefully read the contents of this *Settlement Agreement*, and this *Settlement Agreement* is signed freely by each *Person* executing this *Settlement Agreement* on behalf of each of the *Parties*. The *Parties*, and each of them, further represent and warrant to each other that he, she, or it has made such investigation of the facts pertaining to the *Settlement*, this *Settlement Agreement* and all of the matters pertaining thereto, as he, she, or it deems necessary.

5.3. Signatories' Representations and Warranties. Each individual executing this *Settlement Agreement* on behalf of any other *Person* does hereby personally represent and warrant to the other *Parties* that he or she has the authority to execute this *Settlement Agreement* on behalf of, and fully bind, each principal whom such individual represents or purports to represent.

6. NO ADMISSION OF LIABILITY

The *Parties* understand and agree that this *Settlement Agreement* embodies a compromise settlement of disputed claims, and that nothing in this *Settlement Agreement*, including the furnishing of consideration for this *Settlement Agreement*, shall be deemed to constitute any finding of fiduciary status under *ERISA* or wrongdoing by any of *Defendants* or *Dismissed Defendants*, or give rise to any inference of fiduciary status under *ERISA* or wrongdoing or admission of wrongdoing or liability, by any of *Defendants* or *Dismissed Defendants*, in this or any other proceeding. This *Settlement Agreement* and the payments made hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal or factual. Moreover, *Defendants* and *Dismissed Defendants* specifically deny any such liability or wrongdoing. Neither the fact nor the terms of this *Settlement Agreement* shall be offered or received in evidence in any action or proceeding for any purpose, except (i) in an action or proceeding arising under this *Settlement Agreement* or arising out of or relating to the *Preliminary Approval Order* or the *Final Order*, or (ii) in an action or proceeding where the *Releases* provided pursuant to this *Settlement Agreement* may serve as a bar to recovery, or (iii) for purposes of determining a remedy in the *Securities Action*.

7.      DISBURSEMENT OF *SETTLEMENT EXPENSE FUND* AND *PLAN* CHANGES

7.1.    Payment of *Class Notice Expenses*. The *Company,* on behalf of all *Defendants* and *Dismisssed Defendants,* shall cause *Underwriter* to pay *Class Notice Expenses*, in an amount not to exceed the *Settlement Expense Fund,* and *Underwriter* shall be responsible for such *Class Notice Expenses. Plaintiffs' Lead Counsel*, with written notice to counsel for *Defendants*, shall provide *Underwriter* and *Defendants'* counsel with invoices for *Class Notice Expenses* as such costs are incurred, and *Underwriter* shall pay such sums, within ten (10) business days of receipt, to the vendor providing *Class Notice Expenses* services, or, if *Plaintiffs' Lead Counsel* provide written documentation of their prior payment to the vendor, to *Plaintiffs' Lead Counsel*. If the *Settlement Agreement* is terminated for any reason or if any condition stated in Article 2 above is not satisfied or waived, no *Person* shall have an obligation to reimburse *Underwriter* for any *Class Notice Expenses*.

7.2.    Disbursement of *Net Settlement Expense Fund*. Except as provided in Section 7.1 above, or in Article 10, no payment of any part or all of the *Settlement Expense Fund* of $900,000 shall be made until after the *Effective Date of Settlement. Defendants* shall, within five (5) business days after the *Effective Date of Settlement*, issue written notice to *Underwriter* to cause *Underwriter* to distribute the *Net Settlement Expense Fund* within ten (10) business days of such notice, in the manner directed in the *Final Order*, and *Underwriter* shall, disburse the *Net Settlement Expense Fund* in accordance therewith. In furtherance of such disbursement(s) by *Underwriter*, the *Parties* shall timely provide the following wire transfer information to *Underwriter* for disbursement of the *Net Settlement Expense Fund*, or any portion thereof, to any *Person* designated in the *Final Order*: bank name, bank address, ABA number, account number, account name, and taxpayer identification number.

7.3.    Sole Monetary Contributions. The *Settlement Expense Fund* shall be the full and sole monetary contribution made by or on behalf of *Defendants* in connection with the *Settlement* effected between *Named Plaintiffs* and *Defendants* under this *Settlement Agreement*. For the avoidance of doubt, in no circumstance shall *Defendants*, *Dismissed Defendants,* or any of them have any personal obligation to fund any part of the *Settlement Expense Fund*, including the *Net Settlement Expense Fund* or the *Class Notice Expenses*, which together specifically cover any claims for awards, costs and attorneys fees by *Named Plaintiffs* on their behalves or on behalf of the *Settlement Class*. Except as set forth in Article 10 below or as otherwise specified in this *Settlement Agreement*, the *Parties* shall bear their own costs and expenses (including attorneys' fees) in connection with effectuating the *Settlement* and securing all necessary court orders and approvals with respect to the same

7.4.    *Plan* Changes. The *Company* shall undertake to amend the *Plan* to close the investment fund maintained by the *Plan* which is invested in the *Company*'s common stock ("*Common Stock Fund*") to any new investment by *Plan* participants, such amendment to become effective within ninety (90) days following the *Effective Date of Settlement*. The *Plan* shall provide written notice to *Plan* participants of such amendment no later than sixty (60) days following the *Effective Date of Settlement* and shall advise participants to revise any investment directive in favor of the *Common Stock Fund* to other *Plan* investment option(s). The *Plan* amendment shall provide that, following the effective date of the amendment described in this Section 7.4, any investment that would otherwise have been directed to the *Common Stock Fund*

shall be redirected to the *Plan*'s other investments funds and reallocated *pro rata* in accordance with the participant's remaining investment allocation designations then on file (but excluding any allocation to the *Common Stock Fund*), or as otherwise required by the *Plan*.

7.4.1.   The *Company* shall undertake to amend the *Plan* to eliminate the *Common Stock Fund* as an investment option in the *Plan,* such amendment to become effective on the first business day that falls eighteen (18) months following the *Effective Date of Settlement* (the "*Common Stock Fund Elimination Date*"). At any time prior to the *Common Stock Fund Fund Elimination Date Plan* participants shall be free to maintain their current investment, if any, in the *Common Stock Fund* or to exercise their discretion to re-direct their investment, if any, in the *Common Stock Fund* to other investment alternatives available under the *Plan*.  On the *Common Stock Fund Elimination Date* any participant investments remaining in the *Common Stock Fund* will be liquidated,with the proceeds allocated: (1) where a participant has investment allocation designations on file, in accordance with such designations; or (2) where a participant has no current election of investment options on file, to the *Plan*'s then-designated default investment option. The *Company* shall not permit the *Common Stock Fund* to be reinstated as an investment option in the *Plan* for contributions of any sort for a period of five (5) years from the *Common Stock Fund Elimination Date*.

7.4.2.   For a period of five (5) years commencing on the *Effective Date of Settlement* the *Company* shall make matching contributions, if any, as defined in Section 1.43 of the *Plan* ("*Matching Contributions*"), contributed pursuant to Sections 3.2 and 3.5 of the *Plan*, exclusively in cash.

7.4.3.   For a period of three (3) years commencing on the *Effective Date of Settlement* the *Company* shall continue to offer an education program for *Plan* participants, to be provided by the *Plan*'s record keeper, or its designee, equivalent to the education program now offered by Fidelity Investments, the *Plan's* current record keeper.

7.4.4.   For a period of three (3) years commencing on the *Effective Date of Settlement* the *Company* shall, using an outside adviser or advisors, conduct annual training on fiduciary duties and responsibilities for the *Plan*'s Savings and Investment Plan Committee ("*Committee*") or any successor thereto, and shall provide the *Committee* with services of outside legal counsel for advice on fiduciary matters on an as needed basis by the *Committee*.

7.5.   Authority With Respect to *Plan*.  Other than as specifically provided in Section 7.4 of this *Settlement Agreement*, *Defendants* shall maintain full authority to terminate, modify, and amend the *Plan,* and shall maintain full control over the administration of the *Plan,* including selection of a record keeper.

8.    EFFECTIVE DATE OF SETTLEMENT

    8.1.    Establishment of *Effective Date of Settlement*. The *Effective Date of Settlement* shall be the date on which the Settlement shall be *Unconditional* in accordance with Section 2 and the *Final* Order becomes *Final* in accordance with Section 1.20.

        8.1.1.    Within five (5) business days of the *Effective Date of Settlement* counsel for the *Defendants* shall notify *Underwriter* to distribute the *Net Settlement Expense Fund* in the manner required by the *Court* in the *Final Order* and pursuant to Section 7.2 above.

9.    TERMINATION OF THE SETTLEMENT AGREEMENT

    9.1.    Termination.  Automatic termination of this *Settlement Agreement*, thereby making the *Settlement Agreement* null and void, will occur under any of the following circumstances:

        9.1.1.    If the *Court* declines to approve the *Settlement* and if such order declining approval has become *Final*, then this *Settlement Agreement* shall automatically terminate, and thereupon become null and void, on the date that any such order becomes *Final*.

        9.1.2.    If the *Court* issues an order modifying the *Settlement Agreement*, and if, within thirty-one (31) days after the date of any such ruling, or, within thirty-one (31) days after the date of the *Court*'s order following a motion for reconsideration of any such ruling, whichever is later, the *Parties* have not agreed in writing to proceed with all or part of the *Settlement Agreement* as modified by the *Court* or the *Parties,* then, provided that no appeal is then pending from either such ruling, this *Settlement Agreement* shall automatically terminate, and thereupon become null and void, on the thirty-first (31st) day after issuance of the order referenced in this Section 9.1.2.

        9.1.3.    If the United States Court of Appeals for the Fifth Circuit reverses the *Court*'s order approving the *Settlement*, and if within thirty-one (31) days after the date of any such ruling the *Parties* have not agreed in writing to proceed with all or part of the *Settlement Agreement* as modified by the *Court* or by the *Parties* then, provided that no appeal is then pending from such ruling this *Settlement Agreement* shall automatically terminate, and thereupon become null and void, on the thirty-first (31st) day after issuance of the order referenced in this Section 9.1.3.

        9.1.4.    If the Supreme Court of the United States reverses an order of the Court of Appeals for the Fifth Circuit approving the *Settlement*, and if within thirty-one (31) days after the date of any such ruling the *Parties* have not agreed in writing to proceed with all or part of the *Settlement Agreement* as modified by the *Court* or by the *Parties* then this *Settlement Agreement* shall automatically terminate, and thereupon become null and void, on the thirty-first (31st) day after issuance of the order referenced in this Section 9.1.4.

        9.1.5.    If any or all of the conditions of Article 2 of this *Settlement Agreement* are not fully satisfied or waived in accordance with their terms and on the timetables set forth in that Article, then this *Settlement Agreement* shall terminate, and thereupon become null and void.

9.2.    Consequences of Termination of the *Settlement Agreement*. If the *Settlement Agreement* is terminated and rendered null and void for any reason specified in Section 9.1, the following shall occur:

9.2.1.    The *Action* shall for all purposes with respect to the *Parties* revert to its status as of the day immediately before the *Agreement Execution Date*, including a lifting of any stay of the *Action*.

9.2.2.    All provisions of this *Settlement Agreement* shall be null and void except as otherwise provided herein.  Neither the fact nor the terms of this *Settlement Agreement* shall be offered or received in evidence in any action or proceeding for any purpose, except in an action or proceeding arising under this *Settlement Agreement*.

10.    ATTORNEYS' FEES AND EXPENSES AND AWARDS TO *NAMED PLAINTIFFS*

10.1.    Application for Attorneys' Fees and Expenses and Awards to *Named Plaintiffs*. *Plaintiffs' Lead Counsel* may apply to the *Court* for an award to *Plaintiffs' Lead Counsel* of attorneys' fees, and for reimbursement of expenses, to be paid from the *Net Settlement Expense Fund*.  *Plaintiffs' Lead Counsel* may apply to the *Court* for awards to *Named Plaintiffs*, payable solely from the *Net Settlement Expense Fund*, and *Named Plaintiffs* shall be entitled to receive such awards from the *Net Settlement Expense Fund* to the extent awarded by the *Court*. *Defendants* will not take any position on *Plaintiffs' Lead Counsel's* application for fees, costs, reimbursement of expenses, application for awards to *Named Plaintiffs*, or upon the overall value of the settlement as estimated by *Plaintiffs*.  In so doing, *Defendants* do not agree or concede that the amount of attorneys' fees, costs and expenses, or *Named Plaintiffs'* awards that may be sought by *Plaintiffs' Lead Counsel*, is appropriate or reasonable; nothing in this *Settlement Agreement* shall be construed otherwise.  The *Parties* acknowledge and agree that *Defendants* shall have no authority, control, or liability in connection with *Plaintiffs' Lead Counsel's* attorneys' fees, costs, and expenses or *Named Plaintiffs'* awards, if any.

10.2.    Disbursement of Attorneys' Fees and Expenses and Awards to *Named Plaintiffs*. Upon the later of (i) entry of an order by the *Court* awarding payment of attorneys' fees and expenses from the *Net Settlement Expense Fund* and/or payment of *Named Plaintiffs'* awards from the *Net Settlement Expense Fund*, and (ii) the *Effective Date of Settlement*, *Underwriter* shall be instructed to disburse such payments from the *Net Settlement Expense Fund* in accordance with the procedures in Section 7.2 above.

11.    MISCELLANEOUS PROVISIONS

11.1.    Governing Law.  This Settlement Agreement shall be governed by the laws of the State of Texas without giving effect to the conflicts of laws or choice of law provisions thereof, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

11.2.    Return of Materials.  Except for attorney notes, pleadings, transcripts, and other court submissions and exhibits thereto, each *Party* that received material, including confidential material, material obtained in informal discovery (including initial disclosure material provided pursuant to Federal Rule of Civil Procedure 26), information provided for

purposes of settlement, and all other confidential material, from a producing *Party* in the course of litigating this *Action* shall, within thirty (30) days after the *Effective Date of Settlement*, at the producing *Party*'s option either (i) return all such materials in its custody or control, including in the possession of its consultants, to the producing *Party* or (ii) certify that all such materials in its custody or control, including in the possession of its consultants, have been destroyed; provided that if a producing *Party* requests the physical return of its materials, that *Party* shall reimburse the returning *Party* for its reasonable costs of assembling and shipping such materials.

      11.3.    Prior to entry of the *Final Order*, the *Company* shall provide to *Plaintiffs' Lead Counsel* documents for the purpose of confirmatory discovery on the terms agreed to in writing by the *Parties* prior to *Agreement Execution Date.*

      11.4.    <u>Severability</u>.  The provisions of this *Settlement Agreement* are not severable.

      11.5.    <u>Amendment</u>.  Before entry of the *Final Order*, the *Settlement Agreement* may be modified or amended only by written agreement signed by or on behalf of all *Parties.* Following entry of the *Final Order*, the *Settlement Agreement* may be modified or amended only by written agreement signed on behalf of all *Parties*, and approved by the *Court.*

      11.6.    <u>Waiver</u>.  The provisions of this *Settlement Agreement* may be waived only by an instrument in writing executed by the waiving party.  The waiver by any party of any breach of this *Settlement Agreement* shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this *Settlement Agreement.*

      11.7.    <u>Construction</u>.  None of the *Parties* hereto shall be considered to be the drafter of this *Settlement Agreement* or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

      11.8.    <u>Principles of Interpretation</u>.  The following principles of interpretation apply to this *Settlement Agreement.*

      11.8.1. <u>Headings</u>.  The headings of this *Settlement Agreement* are for reference purposes only and do not affect in any way the meaning or interpretation of this *Settlement Agreement.*

      11.8.2. <u>Singular and Plural</u>.  Definitions apply to the singular and plural forms of each term defined.

      11.8.3. <u>Gender</u>.  Definitions apply to the masculine, feminine, and neuter genders of each term defined.

      11.8.4. <u>References to a *Person*</u>.  References to a *Person* are also to the *Person*'s permitted successors and assigns.

      11.8.5. <u>Terms of Inclusion</u>.  Whenever the words "include," "includes" or "including" are used in this *Settlement Agreement*, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

11.9.   Further Assurances.  Each of the *Parties* agrees, without further consideration and as part of finalizing the *Settlement* hereunder, that they will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter and purpose of this *Settlement Agreement*.

11.10.   Survival.  All representations, warranties and covenants set forth in this *Settlement Agreement* shall be deemed continuing and shall survive the *Effective Date of Settlement* and the termination or expiration of this *Settlement Agreement* with the exception of the covenants not to sue set forth in Section 4.1, which shall not survive the termination of this *Settlement Agreement*.

11.11.   Notices.  Any notice, demand or other communication under this *Settlement Agreement* (other than the *Class Notice*, or other notices given at the direction of the *Court*) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail (postage prepaid), sent by confirmed facsimile and first class mail, or delivered by reputable express overnight courier:

IF TO *NAMED PLAINTIFFS*:

Jeffrey M. Norton
Harwood Feffer LLP
488 Madison Avenue
New York, NY 10022
Tel: (212) 935-7400
Fax: (212) 753-3630

Thomas J. McKenna
Gainey & McKenna
295 Madison Avenue, 4th Floor
New York, New York 10017
Tel: (212) 983-1300
Fax: (212) 983-0383

IF TO *DEFENDANTS*:

Paul J. Ondrasik, Jr.
Morgan D. Hodgson
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 429-3000
Fax: (202) 429-3902

T. Ray Guy
Weil Gotshal & Manges LLP
200 Crescent Court
Suite 300
Dallas TX  75201
Tel:  (214) 746-7872
Fax:  (214) 746-7777

General Counsel
Zale Corporation
901 W. Walnut Hill Lane
Irving, TX  75038

Mark B. Dorfman
Foley & Lardner LLP
3000 K Street, NW
Suite 500
Washington, DC  20007
Tel:  (202) 295-4007
Fax:  (202) 672-5399

IF TO *UNDERWRITER*:

Sandra Illmer
Chubb & Son
2001 Bryan Street
Suite 3400
Dallas, TX  75201
Tel:  (214) 754-8275
Fax:  (214) 754-8858

Any *Party* or *Underwriter* may change the address at which it is to receive notice by written notice delivered to the other *Parties* in the manner described above.

11.12.  Entire Agreement.  This *Settlement Agreement* contains the entire agreement among the *Parties* relating to this *Settlement*. It specifically supersedes any settlement terms or settlement agreements relating to *Defendants* that were previously agreed upon orally or in writing by any of the *Parties*.

11.13.  Counterparts.  This *Settlement Agreement* may be executed by exchange of faxed or electronically transmitted (.pdf) executed signature pages, and any signature transmitted by facsimile or .pdf for the purpose of executing this *Settlement Agreement* shall be deemed an original signature for purposes of this *Settlement Agreement*.  This *Settlement Agreement* may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

11.14.  Binding Effect.  This *Settlement Agreement* binds and inures to the benefit of the *Parties* hereto, their assigns, heirs, administrators, executors and successors.

11.15.  *Agreement Execution Date*.  The date on which the final signature is affixed below shall be the *Agreement Execution Date*.

IN WITNESS WHEREOF, the *Parties* have executed this *Settlement Agreement* on the dates set forth below.

FOR NAMED PLAINTIFFS:

Dated:   July 11, 2008                           By: _____
                                                 Jeffrey M. Norton
                                                 Harwood Feffer LLP
                                                 488 Madison Avenue
                                                 New York, NY 10022
                                                 Telephone: (212) 935-7400
                                                 Facsimile: (212) 753-3630

Dated:   7/11/08                                 By: _____
                                                 Thomas J. McKenna
                                                 Gainey & McKenna
                                                 295 Madison Avenue, 4th Floor
                                                 New York, New York 10017
                                                 Telephone: (212) 983-1300
                                                 Facsimile: (212) 983-0383

                                                 *Counsel for Plaintiffs*

FOR *DEFENDANTS*:

Dated: July 10, 2008                             By: _____
                                                 Paul J. Ondrasik, Jr.
                                                 Morgan D. Hodgson
                                                 Steptoe & Johnson LLP
                                                 1330 Connecticut Avenue, N.W.
                                                 Washington, D.C. 20036
                                                 Tel: (202) 429-3000
                                                 Fax: (202) 429-3902

- 19 -

Dated: _____

By: _____

T. Ray Guy
Weil Gotshal & Manges LLP
200 Crescent Court
Suite 300
Dallas TX 75201
Tel: (214) 746-7872
Fax: (214) 746-7777

*Counsel for Defendants Zale Corporation,
Richard C. Marcus, Mary L. Forté, J. Glen
Adams, Mary E. Burton, Sue E. Gove, John B.
Lowe, Jr., Thomas C. Shull, David M.
Szymanski, Gregory Humenesky, Erv Polze,
Stephen C. Massanelli, Steven Strong, Hilary
Molay, Cynthia T. Gordon and Dismissed
Defendants Paul Logan* and the *Zale Plan
Committee*

Dated: 6/16/08

By: _____

Mark B. Dorfman
Foley & Lardner LLP
3000 K Street, NW
Suite 500
Washington, DC 20007
Tel: (202) 295-4007
Fax: (202) 672-5399

*Counsel for Defendant Mark R. Lenz*

- 20 -

FOR *UNDERWRITER:*

Dated: 6 25 08          By: *Sandra Illmer*

Sandra Illmer
Chubb & Son *, a division of Federal*
2001 Bryan Street     *Ins. Co.*
Suite 3400
Dallas, TX 75201
Tel: (214) 754-8275
 Fax: (214) 754-8858

~~Counsel for Underwriter~~
*Underwriter Representative*

- 21 -

EXHIBITS TO THE *SETTLEMENT AGREEMENT*

Exhibits

2.4.1   *Preliminary Approval Order*
2.4.4   *Final Order*

EXHIBIT 2.4.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| ANTHONY SALVATO, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZALE CORPORATION, RICHARD C. MARCUS, MARY L. FORTE, J. GLEN ADAMS, MARY E. BURTON, SUE E. GOVE, JOHN B. LOWE, JR., THOMAS C. SHULL, DAVID M. SZYMANSKI, MARK R. LENZ, GREGORY HUMENESKY, ERV POLZE, STEVE MASSANELLI, STEVE STRONG, HILARY MOLAY, and PAUL LOGAN,<br><br>Defendants. | Case No. 3:06-CV-1124 (SAF)<br>Consolidated with 3:06-CV-1972-D |

## ORDER PRELIMINARILY APPROVING SETTLEMENT

Currently before the Court for preliminary approval is a settlement (the "Settlement") of this class action (the "Action") asserting claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA"), with respect to the Zale Corporation Savings and Investment Plan (the "Plan") as against Zale Corporation ("Zale" or the "Company") and certain officers and directors of the Company (collectively the "Defendants"). The terms of the Settlement are set forth in the Class Action Settlement Agreement (the "Settlement Agreement"), which has been executed by counsel for Plaintiffs Anthony Salvato and Richard A. Connell ("Plaintiffs") and counsel for Defendants (collectively with Plaintiffs, the "Parties"). Capitalized terms not otherwise defined in this Order

shall have the same meaning as ascribed to them in the Settlement Agreement.  The "Settlement Class" is defined in this Order below.

The Court has considered whether to preliminarily approve the Settlement, whether to certify a class for settlement purposes, and whether the Settlement is sufficient to warrant the issuance of notice to members of the Settlement Class.  Upon reviewing the Settlement Agreement and the matter having come before the Court, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

**Jurisdiction**.  The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all members of the Settlement Class.

**Class Findings**.  The Court preliminarily finds, for purposes of the Settlement, that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the Settlement Class, in that:

(a)     The Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

(b)     Based on allegations in Plaintiffs' Amended and Consolidated Class Action Complaint for Violations of The Employee Retirement Income Security Act (the "Complaint'), the Court finds that there are one or more questions of fact and/or law common to the Settlement Class.

(c)     Based on allegations in Plaintiffs' Complaint, the Court preliminarily finds that Defendants engaged in uniform conduct affecting members of the proposed Settlement Class, and the Court finds that the claims of Plaintiffs are typical of the claims of the Settlement Class.

(d)     Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class; (ii) there are no significant conflicts between or among Plaintiffs and the Settlement Class; and (iii) Plaintiffs are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complex ERISA class actions of this type.

(e)   The prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

(f)   Defendants have acted or refused to act on grounds that apply generally to the Settlement Class, thereby making final injunctive or corresponding declaratory relief with respect to the Settlement Class as a whole appropriate.

**Class Certification**.  Based on the findings set out above, the Court PRELIMINARILY CERTIFIES the following class for settlement purposes under Federal Rule of Civil Procedure 23(b)(1) and/or b(2) in this litigation (the "Settlement Class"):

All *Persons* who have been participants in the Zale Savings and Investment Plan ("Plan") at any time between February 18, 2005 to July 11, 2008, inclusive; and, as to each such *Person* his, her or its beneficiaries, alternate payees, *Representatives* and *Successors-In-Interest*; provided, however, that, notwithstanding the foregoing, the "*Settlement Class*" shall not include any of the Individual Defendants (defined to include all *Defendants* and *Dismissed Defendants* other than Zale Corporation and the Zale Plan Committee), or any of Individual Defendants' *Immediate Family,* beneficiaries, alternate payees, *Representatives* or *Successors-in-Interest,* except for *Immediate Family,* beneficiaries, alternate payees, *Representatives* or *Successors-in-Interest* who themselves are members of the *Settlement Class* with respect to their own *Plan* accounts.

The Court preliminarily finds that the Settlement Class is sufficiently well-defined and cohesive to warrant certification as a non-opt-out class under Fed. R. Civ. P. 23(a) and 23(b)(1).

As required by Fed. R. Civ. P. 23(g), the Court has considered: (i) the work Plaintiffs' counsel has done in identifying and investigating potential claims in this action; (ii) Plaintiffs' counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this Action; (iii) Plaintiffs' counsel's knowledge of the applicable law and, in particular, their knowledge of ERISA as it applies to claims of the type asserted in this Action (breach of fiduciary duty claims that pertain to the Plan's investment in company stock); and (iv)

the resources Plaintiffs' counsel have committed to representing the proposed Settlement Class. Based on these factors, the Court finds that Plaintiffs' counsel have represented and will continue to represent fairly and adequately the interests of the Settlement Class. Accordingly, pursuant to Federal Rule of Civil Procedure 23(g)(2), the Court preliminarily designates Plaintiffs' counsel as Plaintiffs' Lead Counsel with respect to the Settlement Class in this action.

As indicated above, the Court finds that Plaintiffs are adequate class representatives of the Settlement Class and, therefore, hereby appoints Plaintiffs as the representatives of the Settlement Class.

The Court having determined preliminarily that this Action may proceed as a non-opt out class action under Fed. R. Civ. P. 23(a) and 23(b)(1), members of the Settlement Class shall be bound by any judgment concerning the Settlement in this Action, subject to the Court's final determination as to whether to approve the Settlement of this Action.

**Preliminary Approval of Settlement**. The Settlement documented in the Settlement Agreement is hereby PRELIMINARILY APPROVED, as the Court preliminarily finds that (a) the proposed Settlement resulted from extensive arms-length negotiations over numerous months; (b) the Settlement Agreement was executed only after Plaintiffs' Lead Counsel had researched and investigated multiple legal and factual issues pertaining to Plaintiffs' claims; (c) there is a genuine controversy between the parties involving Defendants' compliance with the fiduciary requirements of ERISA; (d) the Settlement appears on its face to be fair, reasonable, and adequate; and (e) the Settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Action and the Settlement to the Settlement Class.

**Fairness Hearing**.  A hearing (the "Fairness Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby SCHEDULED no sooner than October 23, 2008 and thus is scheduled to be held before the Court on _____, 2008 at _____ ___.m. in Courtroom _____ at the United States Courthouse, 1100 Commerce Street, Dallas, Texas 75242, to determine finally, among other things:

(a)  Whether the Settlement should be approved as fair, reasonable, and adequate;

(b)  Whether the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, and should be finally certified as preliminarily found by the Court;

(c)  Whether the litigation should be dismissed with prejudice pursuant to the terms of the Settlement;

(d)  Whether the Final Approval Order attached to the Settlement Agreement should be entered and whether the Releasees should be released of and from the Released Claims, as provided in the Settlement Agreement;

(e)  Whether the notice, and notice methodology implemented pursuant to the Settlement Agreement (i) was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing, (ii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice and (iii) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

(f)  Whether Plaintiffs' Lead Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement as required by Fed. R. Civ. P. 23(g) and as preliminarily found by the Court;

(g)  Whether the proposed Plan Changes are fair, reasonable and adequate and should be approved by the Court;

(h)  Whether the Settlement has been negotiated at arm's length by Plaintiffs' Lead Counsel on behalf of the Plan and the Settlement Class, whether Plaintiffs have acted independently, and whether Plaintiffs' interests are identical to the interests of the Plan and the Settlement Class;

(i)  Whether the application for attorneys' fees and expenses to be filed by Plaintiffs' Lead Counsel should be approved;

(j)     Whether the Named Plaintiffs should receive a Case Contribution Award in light of their assistance in prosecuting this Action; and

(k)     Any other issues necessary for approval of the Settlement.

**Class Notice**.  The Parties have presented to the Court a proposed Class Notice and Summary Notice, which are appended hereto as Exhibits A and B.  The Court APPROVES the form and content of the Class Notice finding that it fairly and adequately: (1) describes the terms and effect of the Settlement Agreement and of the Settlement, (2) gives notice to the Settlement Class of the time and place of the Fairness Hearing, and (3) describes how the recipients of the Class Notice may object to approval of the Settlement.  The Parties have proposed the following manner of communicating the notice to members of the Settlement Class, and the Court finds that such proposed manner is adequate, and directs that Plaintiffs' Lead Counsel shall:

(a)     Promptly cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, be disseminated pursuant to the Settlement Agreement to the last known address of each person in the Settlement Class who can be identified by reasonable effort.  Defendants shall reasonably cooperate with Plaintiffs' Lead Counsel by providing within three (3) business days of entry of this Order the names and last known addresses of the members of the Settlement Class.

(b)     Promptly after dissemination of the Class Notice, cause the Summary Notice to be published in all editions of the *USA Today,* a widely circulated, national publication.

(c)     Promptly cause the Class Notice to be published on the website identified in the Class Notice.

At or before the Fairness Hearing, Plaintiffs' Lead Counsel shall file with the Court a proof of timely compliance with the foregoing mailing and publication requirements.

**Objections to Settlement**.  "Objector" shall mean any Member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement or to the proposed award of attorneys' fees and expenses.  Any Objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection

made, including any legal support and/or evidence that such Objector wishes to bring to the Court's attention or introduce in support of such objection. The Objector must also mail the objection and all supporting law and/or evidence to counsel for the Parties, as stated below. The addresses for filing objections with the Court and service on counsel are as follows:

| COURT | PLAINTIFFS' COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the United States District Court 1100 Commerce Street Dallas, Texas 75242 | Gainey & McKenna Thomas J. McKenna 295 Madison Avenue, 4th Floor New York, New York 10017 | Weil Gotshal & Manges LLP T. Ray Guy 200 Crescent Court, Suite 300 Dallas, Texas 75201 |
| | Harwood Feffer LLP Jeffrey M. Norton 488 Madison Avenue New York, NY 10022 | Steptoe & Johnson LLP Paul J. Ondrasik, Jr. Morgan D. Hodgson 1330 Connecticut Ave NW Washington, D.C. 20036 |

The Objector, or, if represented by counsel, his, her, or its counsel, must both effect service of the objection on counsel listed above and file the objection with the Court by no later than 15 days before the date of the Fairness Hearing. Any Member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

**Appearance at Fairness Hearing**. Any Objector who files and serves a timely, written objection in accordance with the paragraph above may also appear at the Fairness Hearing either in person or through counsel retained at the Objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a "Notice of Intention to Appear" setting forth, among other things, the name, address, and telephone number of the Objector (and, if applicable, the name, address, and telephone number of the Objector's attorney) on counsel identified above and file it with the Court by no later than 15 days before the date of

the Fairness Hearing. Any Objector who does not timely file and serve a "Notice of Intention to Appear" in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown. The Parties' counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

**Notice Expenses**. The expenses of effectuating Class Notice shall be paid from the Settlement Expense Fund as provided in Section 7.1 of the Settlement Agreement.

**Fees and Expenses Incurred by the Independent Fiduciary**. The Company has or will retain an Independent Fiduciary for the purpose of evaluating the Settlement to determine whether to authorize the Settlement on behalf of the Plan. Defendants have caused or will cause to be paid all fees and expenses incurred by the Independent Fiduciary (including fees and expenses incurred by consultants, attorneys, and other professional retained or employed by the Independent Fiduciary) in the course of evaluating and authorizing the Settlement on behalf of the Plan.

**Application for Attorneys' Fees**. Any application by Plaintiffs' Lead Counsel for attorneys' fees and reimbursement of expenses, and all papers in support thereof, shall be filed with the Court and served on all counsel of record no less than seven (7) days before the Fairness Hearing together with the papers supporting final approval of the Settlement. Copies of such materials shall be available for inspection at the office of the Clerk of this Court.

**Injunction**. Pending final determination of whether the Settlement should be approved, all members of the Settlement Class and the Plan are each hereby BARRED AND ENJOINED from instituting or prosecuting any action that asserts any claim resolved in the Settlement Agreement against any Releasees.

**Termination of Settlement**.   If the Settlement is terminated in accordance with the Settlement Agreement or does not become Final under the terms of the Settlement Agreement for any other reason, this Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order. Notwithstanding the foregoing, Sections 7.1 and 9 of the Settlement Agreement shall govern the rights of the Parties.

**Use of Order**.   In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, nor shall the Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

**Continuance of Hearing**.   The Court reserves the right to continue the Fairness Hearing without further written notice.

SO ORDERED this _____ day of _____, 2008.


_____
Honorable Sidney A. Fitzwater
United States District Judge


- 9 -

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| ANTHONY SALVATO, On Behalf of Himself and All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  v.<br><br>ZALE CORPORATION, RICHARD C. MARCUS, MARY L. FORTE, J. GLEN ADAMS, MARY E. BURTON, SUE E. GOVE, JOHN B. LOWE, JR., THOMAS C. SHULL, DAVID M. SZYMANSKI, MARK R. LENZ, GREGORY HUMENESKY, ERV POLZE, STEVE MASSANELLI, STEVE STRONG, HILARY MOLAY, and PAUL LOGAN,<br><br>     Defendants. | Case No. 3:06-CV-1124 (SAF)<br><br>(Consolidated with 3:06-CV-1972) |

## NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

### TO THE "SETTLEMENT CLASS":

All *Persons* who have been participants in the Zale Savings and Investment Plan ("Plan) at any time between February 18, 2005 to   July 11 , 2008, inclusive; and, as to each such *Person* his, her or its beneficiaries, alternate payees, *Representatives* and *Successors-In-Interest*; provided, however, that, notwithstanding the foregoing, the "*Settlement Class*" shall not include any of the Individual Defendants (defined to include all *Defendants* and *Dismissed Defendants* other than Zale Corporation and the Zale Plan Committee), or any of Individual Defendants' *Immediate Family,* beneficiaries, alternate payees, *Representatives* or *Successors-in-interest,* except for *Immediate Family*, beneficiaries, alternate payees, *Representatives* or *Successors-in-Interest* who themselves are members of the *Settlement Class* with respect to their own *Plan* accounts.

### PLEASE READ THIS NOTICE CAREFULLY.

  The Court has preliminarily approved a proposed settlement (the "Settlement") of a class action lawsuit, *Anthony Salvato v. Zale Corporation, et al.*, Case No. 3:06-CV-1124 (SAF) (the

"Action") brought under the Employee Retirement Income Security Act ("ERISA"). The Settlement is with Zale Corporation ("Zale" or the "Company") and certain officers and directors of the Company (collectively the "Defendants") in the Action and would release Defendants and related parties from any claims filed against them. This Notice contains summary information with respect to the Settlement. The terms and conditions of the Settlement are set forth in a Class Action Settlement Agreement (the "Settlement Agreement"). Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement, and additional information with respect to the Action and the Settlement, is available from the notice administrator, Berdon Claims Administration LLC, P.O. Box 9014, Jericho, NY 11753, (800) 766-3330 and on the notice administrator's website at http://www.berdonclaims.com.

The Court has scheduled a hearing concerning final approval of the Settlement and Class Counsel's application for an award of fees and expenses. That hearing, before the Honorable Sidney A. Fitzwater, is scheduled on _____, 2008 at _____ __.m. in Courtroom ____ at the United States Courthouse, 1100 Commerce Street, Dallas, Texas 75242. If approved, the Settlement will bind you as a member of the Settlement Class.

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED IN THIS MATTER. YOU NEED NOT APPEAR IN COURT, AND YOU DO NOT NEED TO HIRE AN ATTORNEY IN THIS CASE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU DO NOT NEED TO DO ANYTHING. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT PURSUANT TO THE PROCEDURES DESCRIBED BELOW.**

## Your Legal Rights and Options in this Settlement:

| | |
|---|---|
| **You Can Do Nothing.** | |
| **You Can Object (by _____, 2008).** | You can write to the Court and explain the reasons you disapprove of the Settlement. |
| **You can Go to a Hearing (on _____, 2008).** | You can ask to speak in Court about the fairness of the Settlement by filing a Notice of Intention to Appear. |

These rights and options – **and the deadlines to exercise them** – are explained in this notice.

The Court still has to decide whether to approve the Settlement. Actions with respect to the Plan will be taken and payments will be made to Named Plaintiffs and their counsel only if the Court approves the Settlement and that approval is upheld in the event of any appeals.

Further information regarding the litigation and this Notice may be obtained by contacting:

2

**Plaintiffs' Counsel:**

Thomas J. McKenna
Gainey & McKenna
295 Madison Avenue, 4th Floor
New York, NY 10017

Jeffrey M. Norton
Harwood Feffer LLP
488 Madison Avenue
New York, NY  10022

Roger F. Claxton
Claxton & Hill
3131 McKinney Ave.
Suite 700 LB 103
Dallas, TX 75204-2471

# WHAT THIS NOTICE CONTAINS

SUMMARY OF CASE.................................................................................................................................

SUMMARY OF SETTLEMENT ...........................................................................................................

STATEMENT OF POTENTIAL OUTCOME OF THE ACTION ...............................................................

STATEMENT OF ATTORNEYS' FEES & EXPENSES SOUGHT IN THE ACTION .............................

STATEMENT REGARDING FEES AND EXPENSES INCURRED BY THE INDEPENDENT
FIDUCIARY .......................................................................................................................................

WHAT WILL THE PLAINTIFFS GET? .................................................................................................

BASIC INFORMATION.........................................................................................................................
    Why did I get this Notice package? .................................................................................................
    What is the lawsuit about? ...............................................................................................................
    Why is this case a class action? ......................................................................................................
    Why is there a settlement? ...............................................................................................................

WHO IS IN THE SETTLEMENT............................................................................................................
    How do I know whether I am part of the Settlement? ......................................................................
    Are there exceptions to being included? ..........................................................................................

THE SETTLEMENT BENEFITS ............................................................................................................
    What does the Settlement provide?...................................................................................................

YOU CANNOT EXCLUDE YOURSELF FROM THE SETTLEMENT .....................................................
    Why can't I exclude myself from the Settlement?...............................................................................

THE LAWYERS REPRESENTING YOU ................................................................................................
    Do I have a lawyer in the case? .......................................................................................................
    How will the lawyers be paid?..........................................................................................................

YOUR RIGHT TO OBJECT .....................................................................................................................
    How do I tell the Court that I don't like the Settlement?...................................................................

THE FAIRNESS HEARING......................................................................................................................
    When and where will the Court decide whether to approve the Settlement? .....................................
    Do I have to come to the hearing? ...................................................................................................
    May I speak at the hearing? .............................................................................................................

IF YOU DO NOTHING ...........................................................................................................................
    What happens if I do nothing at all? ................................................................................................

GETTING MORE INFORMATION.................................................................................................................

    Are there more details about the Settlement? ................................................................................

## SUMMARY OF CASE

As described in more detail below and in Plaintiffs' Amended and Consolidated Class Action Complaint (the "Complaint"), this Action concerns allegations that Defendants breached fiduciary duties owed to participants and beneficiaries in the Plan during the Class Period. Defendants deny the allegations. Copies of Plaintiffs' Complaint and documents related to the Settlement are publicly available at the office of the clerk located at the United States Courthouse, 1100 Commerce Street, Dallas, Texas 75242 or from the notice administrator, Berdon Claims Administration LLC, P.O. Box 9014, Jericho, NY 11753, (800) 766-3330 and on the notice administrator's website at http://www.berdonclaims.com.

## SUMMARY OF SETTLEMENT

Defendant Zale Corporation will implement the following changes:

The Company shall undertake to amend the Plan to close the investment fund maintained by the Plan which is invested in the Company's common stock ("Common Stock Fund") to any new investment by Plan participants, such amendment to become effective within ninety (90) days following the Effective Date of Settlement. The Plan shall provide written notice to Plan participants of such amendment no later than sixty (60) days following the Effective Date of Settlement and shall advise participants to revise any investment directive in favor of the Common Stock Fund to other Plan investment option(s). The Plan amendment shall provide that, following the effective date of the amendment described in this Section 7.4.1, any investment that would otherwise have been directed to the Common Stock Fund shall be redirected to the Plan's other investments funds and reallocated pro rata in accordance with the participant's remaining investment allocation designations then on file (but excluding any allocation to the Common Stock Fund), or as otherwise required by the Plan.

The Company shall undertake to amend the Plan to eliminate the Common Stock Fund as an investment option in the Plan, such amendment to become effective on the first business day that falls eighteen (18) months following the Effective Date of Settlement (the "Common Stock Fund Elimination Date"). At any time prior to the Common Stock Fund Fund Elimination Date Plan participants shall be free to maintain their current investment, if any, in the Common Stock Fund or to exercise their discretion to re-direct their investment, if any, in the Common Stock Fund to

5

other investment alternatives available under the Plan. On the Common Stock Fund Elimination Date any remaining participant investments in the Common Stock Fund will be liquidated, with the proceeds allocated: (1) where a participant has investment allocation designations on file, in accordance with such designations; or (2) where a participant has no current election of investment options on file, to the Plan's then-designated default investment option. The Company shall not permit the Common Stock Fund to be reinstated as an investment option in the Plan for contributions of any sort for a period of five (5) years from the Common Stock Fund Elimination Date.

For a period of five (5) years commencing on the Effective Date of Settlement the Company shall make matching contributions, if any, as defined in Section 1.43 of the Plan ("Matching Contributions"), contributed pursuant to Sections 3.2 and 3.5 of the Plan, exclusively in cash.

For a period of three (3) years commencing on the Effective Date of Settlement the Company shall continue to offer an education program for Plan participants, to be provided by the Plan's record keeper, or its designee, equivalent to the education program now offered by Fidelity Investments, the Plan's current record keeper.

For a period of three (3) years commencing on the Effective Date of Settlement the Company shall, using an outside adviser or advisors, conduct annual training on fiduciary duties and responsibilities for the Plan's Savings and Investment Plan Committee ("Committee") or any successor thereto, and shall provide the Committee with services of outside legal counsel for advice on fiduciary matters on an as needed basis by the Committee.

## STATEMENT OF POTENTIAL OUTCOME OF THE ACTION

Plaintiffs' Counsel believes that the claims against Defendants are well-grounded in law and fact, and that breaches of fiduciary duty under ERISA occurred in this case. However, as with any litigated case, the Settlement Class would face an uncertain outcome if the Action were to continue against Defendants in the Action. Continued litigation of the Action could result in a judgment or verdict greater or less than the recovery under the Settlement Agreement, or in no recovery at all. In evaluating the Settlement, Plaintiffs' Counsel has considered the range of possible recoveries and outcomes if the claims against Defendants were adjudicated rather than settled.

Plaintiffs' Counsel believes that this Settlement reflects a reasonable compromise in light of the range of possible outcomes. Plaintiffs' Counsel believes that the Settlement is preferable to continued litigation, and is in the best interests of the Settlement Class because the Settlement

provides certainty to the Settlement Class with respect to structural changes to the Plan and those changes actually being realized substantially prior to the time that they might occur had the case been successfully litigated to a conclusion. The value of the Plan Changes set forth in the Settlement is estimated to exceed $7,000,000.00

Throughout this litigation, Defendants have denied and continue to deny the claims and contentions alleged by Plaintiffs. Nevertheless, Defendants have concluded that it is desirable that the Action be fully and finally settled as to them and the other Released Persons on the terms and conditions set forth in the Settlement Agreement. The Court has not ruled in favor of either side. Both sides agreed to the Settlement to insure a resolution and avoid the cost and risk of further litigation.

## STATEMENT OF ATTORNEYS' FEES AND EXPENSES
## SOUGHT IN THE ACTION

Plaintiffs' Counsel in the Action will file a motion with the Court in which they will ask the Court to award them attorneys' fees and expenses equal to the balance of the Settlement Expense Fund ($900,000) less the costs of Notice and administration costs and, to the extent approved by the Court, Case Contribution awards to the Named Plaintiffs.

## STATEMENT REGARDING FEES AND EXPENSES INCURRED BY THE
## INDEPENDENT FIDUCIARY

An Independent Fiduciary is evaluating the Settlement and will be asked to authorize the Settlement on behalf of the Plan. Defendants have paid the fees and expenses incurred by the Independent Fiduciary (including fees and expenses incurred by consultants, attorneys, and other professional retained or employed by the Independent Fiduciary) in the course of evaluating and authorizing the Settlement on behalf of the Plan.

## WHAT WILL THE NAMED PLAINTIFFS GET?

The Named Plaintiffs will request that the Court award them each a Case Contribution Award in the amount of $10,000.00.

## BASIC INFORMATION

Why did I get this Notice package?

You or someone in your household is or may have been a participant in the Plan. The Court ordered this Notice to be sent to you because, if you fall within that group, you have a right to know about the Settlement and about all of your options before the Court decides whether to approve the Settlement. This Notice package describes the litigation, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of these consolidated cases is the United States District Court for the Northern District of Texas. The individuals who brought this action are called "Plaintiffs," and the people/entities they sued are called "Defendants." The legal action that is the subject of this

Notice and the Settlement is known as *Anthony Salvato v. Zale Corporation, et al.*, Case No. 3:06-CV-1124 (SAF) (the "Action").

## What is the lawsuit about?

The Action claims that Defendants were fiduciaries of the Plan and violated fiduciary duties under ERISA that they owed to participants and beneficiaries of the Plan. In the Complaint, Plaintiffs have asserted causes of action for the losses suffered by the Plan as the result of the alleged breaches of fiduciary duty by the Defendants.

Portions of the accounts of participants in the Plan were invested in Zale stock. The Action alleges that the Plan's fiduciaries, including certain of Zale's current and/or former officers and directors, failed to act appropriately when the Plan's holdings of Zale stock allegedly became an imprudent investment. Defendants deny any wrongdoing and/or that the Zale Stock Fund was an imprudent investment.

## Why is this case a class action?

In a class action, one or more plaintiffs called "Class Representatives" sue on behalf of a large number of people who have similar claims. All of the individuals on whose behalf the Class Representatives are suing are "Class Members." One court resolves the issues for all Class Members. In its order setting the Fairness Hearing, the Court preliminarily certified the Settlement Class in the Action. The Class Representatives in the Action are the Named Plaintiffs,Anthony Salvato and Richard A. Connell.

## Why is there a settlement?

The Court has not reached any final decision in connection with Plaintiffs' claims against Defendants. Instead, Plaintiffs and Defendants have agreed to a Settlement. In reaching the Settlement, they have avoided the cost, risks, time and disruption of prolonged litigation and trial.

Plaintiffs' Counsel believes that the Settlement is the best option for the Settlement Class Members. The reasons they believe this to be so are described above in the section entitled "Statement of Potential Outcome of the Action."

## WHO IS IN THE SETTLEMENT

## How do I know whether I am part of the Settlement?

The Court has conditionally certified that this Settlement shall proceed on behalf of everyone who, subject to certain exceptions identified below, fits the following description:

All *Persons* who have been participants in the Zale Savings and Investment Plan ("Plan") at any time between February 18, 2005 to  July 11 ,2008, inclusive; and, as to each such

*Person* his, her or its beneficiaries, alternate payees, *Representatives* and *Successors-In-Interest.*

**Are there exceptions to being included?**

All Plan participants described above are members of the Settlement Class with the exception of the Individual Defendants, Individual Dismissed Defendants, and their immediate families, beneficiaries, alternate payees, Representatives or Successors-in-Interest. The only exception to this exclusion is for Immediate Family, beneficiaries, alternate payees, Representatives or Successors-in-Interest who themselves fall within the definition of the Settlement Class with respect to their own Plan accounts

## THE SETTLEMENT BENEFITS

**What does the Settlement provide?**

### Plan Changes

**As detailed above, Zale Corporation will implement certain Plan Changes following approval of the Settlement by the Court and the Settlement becoming Final under its terms.**

### There Will Be No Changes To The Plan If The Settlement Is Terminated

The Settlement Agreement may be terminated on several grounds, including: (1) if the Court does not approve the Settlement or materially modifies it before such date; (2) if the Independent Fiduciary hired to evaluate the Settlement does not approve it; or (3) if the Court's order approving the Settlement is reversed or modified on appeal. The Settlement Agreement describes other conditions in which the Settlement may be terminated. In the event any of these conditions occur, there will be no settlement payment made, and the litigation against Defendants will resume.

### YOU CANNOT EXCLUDE YOURSELF FROM THE SETTLEMENT

**Why can't I exclude myself from the Settlement?**

In some class actions, class members have the opportunity to exclude themselves from the Settlement. This is sometimes referred to as "opting out" of the Settlement. **Because of the way ERISA operates, you do not have the right to exclude yourself from the Settlement in this case.** The case was preliminarily certified under Federal Rule of Civil Procedure 23(b)(1) and/or (b)(2) as a "non-opt out" class. Breach of fiduciary duty claims must be brought by participants on behalf of the Plan, and any judgment or resolution necessarily applies to all Plan participants and beneficiaries. As such, it is not possible for any participants or beneficiaries to exclude themselves from the benefits of the Settlement. **Therefore, you will be bound by any judgments or orders that are entered in this Action, and, if the Settlement is approved, you will be deemed to have released the Defendants from any and all claims that were or could**

have been asserted in this case on your behalf of or behalf of the Plan or otherwise included in the release in the Settlement, other than your right to obtain the relief provided to you, if any, by the Settlement.

Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve the Settlement. See question "How do I tell the Court that I don't like the Settlement?" below.

## THE LAWYERS REPRESENTING YOU

| Do I have a lawyer in the case? |
|---|

The Court has preliminarily designated Gainey & McKenna and Harwood Feffer LLP as Plaintiffs' Lead Counsel for the Settlement Class. If you want to be represented by your own lawyer, you may hire one, but only at your own expense.

| How will the lawyers be paid? |
|---|

Plaintiffs' Counsel pursued this action on a contingent basis and will file a motion for an award of fees and expenses. This motion will be considered at the Fairness Hearing. Plaintiffs' Counsel will seek an award of fees and expenses in an amount equal to the balance of the Settlement Expense Fund ($900,000) after payment of Notice and administration costs and, to the extent approved by the Court, Case Contribution awards to the Named Plaintiffs.

## YOUR RIGHT TO OBJECT

You can tell the Court that you do not agree with the Settlement or some part of it.

| How do I tell the Court that I don't like the Settlement? |
|---|

If you are a member of the Settlement Class, you may object to the Settlement or the application for attorneys' fees. You must provide reasons why you think the Court should not approve the Settlement or some aspect of the Settlement. To object, you must send a letter or other written filing to the Court. Be sure to include the following case caption and notation: "*Anthony Salvato v. Zale Corporation, et al.*, Case No. 3:06-CV-1124 (SAF)." In addition, your objection must also include your name, address, telephone number, signature, proof that you are a member of the Settlement Class, and the reasons why you object to the Settlement. **Mail the objection to each of the addresses identified below postmarked no later than _____, 2008. If you fail to mail your objection by this date, the Court will not consider your objection.**

| For the Court | For Plaintiffs' Counsel | For Defense Counsel |
|---|---|---|
| **Clerk of the United States District Court**<br>**1100 Commerce Street**<br>**Dallas, Texas 75242** | **GAINEY & McKENNA**<br>**Thomas J. McKenna**<br>**295 Madison Avenue, 4th Floor**<br>**New York, New York 10017**<br><br>**HARWOOD FEFFER LLP**<br>**Jeffrey M. Norton**<br>**488 Madison Avenue**<br>**New York, NY 10022** | **WEIL GOTSHAL & MANGES LLP**<br>**T. Ray Guy**<br>**200 Crescent Court, Suite 300**<br>**Dallas, Texas 75201**<br><br>**STEPTOE & JOHNSON LLP**<br>**Paul J. Ondrasik, Jr.**<br>**Morgan D. Hodgson**<br>**1330 Connecticut Ave NW**<br>**Washington, D.C. 20036** |

<u>Again, all papers submitted must include the case # 3:06-CV-1124 on the front page.</u>

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but it is not necessary.

### When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing to decide whether to approve the Settlement as fair, reasonable, and adequate. You may attend the Fairness Hearing, and you may ask to speak, but you do not have to attend. The Court will hold the Fairness Hearing at _____ \_\_\_\_.m. on _____, 2008 at _____ \_\_.m. in Courtroom \_\_\_\_ at the United States Courthouse, 1100 Commerce Street, Dallas, Texas 75242. At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to approve the Settlement. The Court will also consider the motion for an award of attorneys' fees and expenses.

### Do I have to come to the hearing?

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to voice your objection in person. As long as you mail your written objection on time, the Court will consider it when determining whether to approve the Settlement as fair, reasonable, and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but attendance is not necessary.

### May I speak at the hearing?

If you are a Settlement Class member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Anthony Salvato v. Zale Corporation, et al.*, Case No. 3:06-CV-1124 (SAF)." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than

11

_____, 2008 and be sent to the Clerk of the Court, Plaintiffs' Counsel, and Defendants' counsel at the addresses listed above.

## IF YOU DO NOTHING

> What happens if I do nothing at all?

If you do nothing and you are a Settlement Class member, you will participate in the Settlement of the Action as described above in this Notice if the Settlement is approved.

## GETTING MORE INFORMATION

> Are there more details about the Settlement?

This Notice summarizes the proposed Settlement. The complete Settlement is set forth in the Settlement Agreement. You may obtain a copy of the Settlement Agreement by making a written request to the Plaintiffs' Counsel listed on page ___ above. Copies are also publicly available at the office of the clerk located at the United States Courthouse, 1100 Commerce Street, Dallas, Texas 75242 or from the notice administrator, Berdon Claims Administration LLC, P.O. Box 9014, Jericho, NY 11753, (800) 766-3330 and on the notice administrator's website at http://www.berdonclaims.com.

DATED: _____, 2008       BY ORDER OF THE COURT
                                          UNITED STATES DISTRICT COURT
                                          NORTHERN DISTRICT OF TEXAS
                                          DALLAS DIVISION

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| ANTHONY SALVATO, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZALE CORPORATION, RICHARD C. MARCUS, MARY L. FORTE, J. GLEN ADAMS, MARY E. BURTON, SUE E. GOVE, JOHN B. LOWE, JR., THOMAS C. SHULL, DAVID M. SZYMANSKI, MARK R. LENZ, GREGORY HUMENESKY, ERV POLZE, STEVE MASSANELLI, STEVE STRONG, HILARY MOLAY, and PAUL LOGAN,<br><br>Defendants. | Civil Action No. 3:06-CV-1124 (SAF)<br>Consolidated with 3:06-CV-1972-D |

## SUMMARY NOTICE OF CLASS ACTION
## SETTLEMENT AND FAIRNESS HEARING

**TO:** All Persons who have been participants in the Zale Savings and Investment Plan at any time between February 18, 2005 to  July 11, 2008 inclusive; and, their beneficiaries, alternate payees, representatives and successors-in-interest, not including any of the defendants, defendants' immediate family, beneficiaries, alternate payees, representatives or successors-in-interest, except those who are members of the Settlement Class with respect to their own Plan accounts.

YOU ARE HEREBY NOTIFIED that pursuant to a Court Order, a hearing will be held

before the Honorable Sidney A. Fitzwater, in the United States District Court for the Northern

District of Texas (the "Court"), 1100 Commerce Street, Dallas Texas, Courtroom          , at

_____:_____ __.m., on _____2008_to determine whether  (1) the proposed settlement of

this action providing for structural changes to the Plan should be approved as fair, reasonable,

and adequate; (2) plaintiffs' application for an award of attorneys' fees and reimbursement of expenses from a settlement expense fund of $900,000, after payment of the costs of class notices and case contribution awards, should be approved; and (4) the claims against defendants should be dismissed with prejudice all as set forth in the Settlement Agreement dated   July 11 , 2008 and filed with the Court.

If you are a member of the Settlement Class, your rights may be affected by the settlement of this action. If you are a member of the Settlement Class and have not received the detailed Notice of Class Action Settlement and Fairness Hearing, you may obtain copies by contacting the Notice   Administrator: Berdon Claims Administration LLC, P.O. Box 9014, Jericho, NY 11753-8914, Telephone: (800) 766-3330, Fax: (516) 931-0810, Website: www.berdonclaims.com

Any objections to the proposed Settlement or any matter before the Court must be filed and served no later than _____, 2008, in the manner and form explained in the detailed Notice of Class Action Settlement and Fairness Hearing.

Any inquiries about the Action can also be made in writing to plaintiffs' counsel, Thomas J. McKenna, Gainey & McKenna, 295 Madison Avenue, New York NY 10017 or Jeffrey M. Norton, Harwood Feffer LLP, 488 Madison Avenue, New York, NY 10022.

**DO NOT TELEPHONE THE COURT, THE CLERK'S OFFICE OR ANY OF THE DEFENDANTS OR COUNSEL FOR THE DEFENDANTS REGARDING THIS NOTICE.**

BY ORDER OF THE
UNITED STATES DISTRICT COURT

## EXHIBIT 2.4.4

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| ANTHONY SALVATO, On Behalf of Himself and All Others Similarly Situated, | Case No. 3:06-CV-1124 (SAF) |
| Plaintiff, | |
| v. | |
| ZALE CORPORATION, RICHARD C. MARCUS, MARY L. FORTE, J. GLEN ADAMS, MARY E. BURTON, SUE E. GOVE, JOHN B. LOWE, JR., THOMAS C. SHULL, DAVID M. SZYMANSKI, MARK R. LENZ, GREGORY HUMENESKY, ERV POLZE, STEVE MASSANELLI, STEVE STRONG, HILARY MOLAY, and PAUL LOGAN, | |
| Defendants. | |

### ORDER AND FINAL JUDGMENT

This action came on for a final hearing, held on _____ _____, 2008 on a proposed settlement of this class action (the "Action")[1] preliminarily certified for settlement purposes, and the issues having been duly heard and a decision having been duly rendered,

**IT IS HEREBY ORDERED AND ADJUDGED:**

To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Class Action Settlement Agreement dated  July 11, 2008 (the "Settlement Agreement").

The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all members of the Settlement Class.

_____

[1]      On July 24, 2007, the Court entered an order consolidating *Richard A. Connell v. Zale Corp., et al.*, Civil

The Court hereby approves and confirms the Settlement embodied in the Settlement Agreement as being a fair, reasonable, and adequate settlement and compromise of this Action, adopts the Settlement Agreement as its Judgment, and orders that the Settlement Agreement shall be effective, binding, and enforced according to its terms and conditions.

The Court determines that Plaintiffs are asserting, among others, claims on behalf of the Zale Corporation Savings and Investment Plan (the "Plan") to recover losses alleged to have occurred as a result of a breach of fiduciary duty pursuant to ERISA § 502(a)(2). *See Mass Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985).

The Court determines that the Settlement has been negotiated vigorously and at arm's length by Plaintiffs' Lead Counsel, and further finds that, at all times, Plaintiffs have acted independently and that their interests are identical to the interests of the Plan and the Settlement Class. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

The Court determines that the notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order, concerning the Settlement and the other matters set forth therein, is the best notice practicable under the circumstances and included individual notice to all members of the Settlement Class who could be identified through reasonable efforts. Such notice provides valid, due and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Settlement Agreement to all persons entitled to such notice, and such notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

---

Action No. 3:06-CV-1972-D with the above-entitled caption.

The Court hereby approves the maintenance of the Action as a non-opt out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) and/or (b)(2) with the class being defined as follows:

> All Persons who have been participants in the Plan at any time between February 18, 2005 to   July 11, 2008, inclusive; and (b) as to each Person within the scope of subsection (a) of Section 1.44 of the Settlement Agreement, his, her or its beneficiaries, alternate payees, Representatives and Successors-In-Interest; provided, however, that, notwithstanding the foregoing, the "Settlement Class" shall not include any of the Individual Defendants (defined to include all Defendants and Dismissed Defendants other than Zale Corporation and the Zale Plan Committee), or any of Individual Defendants' Immediate Family, beneficiaries, alternate payees, Representatives or Successors-in-Interest, except for Immediate Family, beneficiaries, alternate payees, Representatives or Successors-in-Interest who themselves are members of the Settlement Class with respect to their own Plan accounts.

Based on the Settlement, the Court hereby dismisses the Action against Defendants with prejudice.

By operation of this Judgment and effective upon entry of this Final Order the Named Plaintiffs and each member of the Settlement Class have forever released and discharged Releasees from the Released Claims as specified in the Settlement Agreement.

All members of the Settlement Class and the Plan are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Releasees.

The attorneys' fees and expenses incurred by Plaintiffs' Lead Counsel and Plaintiffs' Local Counsel in the course of prosecuting this action are reasonable.  Accordingly, attorneys' fees and expenses are awarded in the amount of $_____.  The Named Plaintiffs, Anthony Salvato and Richard J. Connell, are hereby awarded Contribution Awards in the amount of $_____, respectively.  All amounts paid for attorneys' fees and expenses and awards to

Named Plaintiffs are to be paid exclusively out of the Net Settlement Expense Fund in accordance with and subject to the terms of the Settlement Agreement without additional contribution or payment by Defendants.

Except as otherwise specified in the Settlement Agreement, without affecting the finality of this Judgment, the Court retains exclusive jurisdiction for purposes of resolving any disputes or challenges that may arise in implementing the Settlement Agreement.  The Court also retains exclusive jurisdiction to resolve any challenges as to the performance, validity, interpretation, and administration of the Class Notice, this Judgment, and the termination of the Settlement Agreement and to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreement and Settlement, as may from time to time be appropriate.

In the event that the Settlement Agreement is terminated in accordance with its terms, this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc,* and the Action shall proceed in the manner provided in the Settlement Agreement.

This judgment is final.

**SO ORDERED** this _____ day of _____, 2008.

_____
Honorable Sidney A. Fitzwater
United States District Court Judge